David ANDRESEN;
Nancy Andresen; George Bernert; Marilyn Bernert;
Wade Boner; Harold Bullock; Judy Bullock;
Harvey Candeaux; Lorraine Candeaux; Steven Corwin;
Royal Corwin; Lorraine Corwin; Roger Darden;
Mary K. Darden; Lloyd Davie; Colleen Davie;
Floyd Davie; Margarete Davie; Daniel Davie;
Glennes Davie; Pierce Dickey; Marietta Dickey;
Gordon Douglas; Delores Douglas; Heather Down;
David L. Ebert; Terri L. Ebert; Florence Edison;
Gordon Erdahl; Lucille Erdahl; Francis Erskine;
Karl Evenson; Wilfred Faulhaber; Lynndel Faulhaber;
Walt Forster; Wanda Forster; Charles Furchner;
Andis Garuts; Dace Garuts; Dwayne Grose; Doris Grose;
Jack Harr; Norman Harty; Neva Harty; Marjorie F. Hawkins;
Randy Huber; Hope Huber; Ronald Hudson;
Yvonne Hudson; Garry Johnson; Pat Johnson;
Kent Johnston and Lorraine Johnston,
personally and as guardians for
Helen Johnston and Hugh Johnston; Carl Jorgensen;
Norma Jorgensen; Jack Jorgensen; Sally Jorgensen;
Leslie Keisling; Ione Keisling; Anton Krevanko, Jr.;
Margaret Krevanko; Aleck Krevanko; James Kurilo;
Sylvia Kurilo; Joseph Landrum; Menona Landrum;
Gerald Little; Jacqueline Little; Dorothy Lokey;
Ray Lokey; John Lyngdal; Delilah Lyngdal;
Thomas MacDonald; Joyce MacDonald; James McGrath
and Judy McGrath, personally and as guardians for
Greg Jansen; Diane McQueen; George McQueen;
David Meier; Sharon Meier; Wayne Meyers;
William Moreland; Marilu Moreland; Gilbert Moss;
Irene Moss; Shirley Mowey; Dennis Mowry; Sharon Mowry;
Arthur Narkiewicz; Norma Narkiewicz; Walt Neff;
Dean Ohlsen; Edith Ohlsen; Leon Orchard; Bernice Orchard;
James Pearson; Barbie Pearson; Allen L. Phillips;
Linda O. Phillips; Dora Purdy; Howard Purdy; Tim Ruvo;
Carol Ruvo; Richard Schmidt; Dolores Schmidt; Cliff Simons;
Madeline Simons; Victor Simons; Betty Simons;
Gerald Snyder; Elaine Snyder; Margaret Sober;
Horace Spiller; Doris Spiller; William Paul Sterling;

Ralph E. Sturgeon; Louis Topinka and Marilyn Topinka,
personally and as guardians for Victor Topinka;
Margie Trainer; Magdalena Trotter; Robert G. Tyrrell;
Everett Ulm; Deloris Ulm; Carl Utz; Donna Utz;
James Ventura; Tannis Ventura; Marion Wambach;
Mary Wambach; Donald Whitman; Pat Whitman;
Elmer Willmschen; Nada Willmschen; Donald Wilson;
Lois Wilson; Ray Wood; Stanley Woodhouse;
Patricia Woodhouse; Wallace Wortman and Kathy Wortman,
personally and as guardians for Emmett Wortman and
Andrea Wortman; Elias Zimmerman; Ruth Zimmerman;
and Paula Zoller,
*Appellants,*

*v.*

THE STATE OF OREGON,
acting by and through
the Securities Section of
the Corporation Division of
the DEPARTMENT OF COMMERCE,
Jane Edwards and Susan Hammond,
*Respondents.*

(87C-11362; CA A64680)

829 P2d 708

Karl G. Anuta, Portland, argued the cause for appellants. With him on the briefs was Jolles, Sokol & Bernstein, P.C., Portland.

Harrison Latto, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and De Muniz, Judges.

DEITS, J.

## DEITS, J.

Plaintiffs were victims of fraudulent and illegal securities transactions by David Hunt during the period 1982 to 1985. They brought this action against defendants, the Corporation Division of the Department of Commerce and its commissioner and assistant commissioner. They allege that defendants conducted investigatory and remedial actions against Hunt pursuant to their authority under various provisions of ORS chapter 59 and that, during that process, they learned the identity of plaintiffs and knew that they were continuing victims of Hunt's fraudulent activities. Plaintiffs contend that defendants were negligent in not warning them about Hunt's activities or advising them of the department's investigative and remedial efforts.

The trial court granted a summary judgment on the ground that defendants enjoyed discretionary immunity under ORS 30.265(3)(c).[1] Plaintiffs appeal. The arguments of the parties are lengthy and detailed, but they are susceptible to a short answer. The essence of plaintiffs' position is that defendants are not entitled to immunity under ORS 30.265(3)(c), because their failure to warn plaintiffs did not entail a "policy judgment" but was simply a non-decision or a failure even to consider taking action to protect plaintiffs and, accordingly, it was not a discretionary act.

The statutes in question confer broad enforcement and remedial authority on defendants concerning the regulation of securities transactions in Oregon. However, the statutes do not *mandate* particular enforcement or remedial procedures and do not specify that notice of the kind that plaintiffs claim entitlement to must be given in connection with whatever procedures are undertaken by defendants.[2]

---

[1] ORS 30.265(3)(c) provides:

"(3) Every public body and its officers, employees and agents acting within the scope of their employment or duties * * * are immune from liability for:

"* * * * *

"(c) Any claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused."

[2] Plaintiffs argue that they were entitled under ORS 59.295 to notice of certain orders in connection with defendants' investigation. There simply is no such

Although, from plaintiffs' standpoint, it certainly would have been desirable for defendants to have advised them about what was happening, the statutes confer discretion on defendants to conduct the investigation exactly as they did. As was the case with the agency in *Miller v. Grants Pass Irrigation*, 297 Or 312, 318, 686 P2d 324 (1984), "either action or inaction was discretionary" here, and defendants are immune.

Plaintiffs also argue that, under principles pertaining to duty and foreseeability that the Oregon courts have developed in recent years, there was a question of fact as to whether defendants' conduct was unreasonable and redressable in a common law negligence action. However, because defendants are immune, it is immaterial whether they were negligent.

Affirmed.

---

requirement in that statute, and there is also no other source that affirmatively required defendants to give plaintiffs the information.