Argued and submitted March 11, affirmed June 3, 1992

Beverly Jane FIELDING,
as Conservator of the Estate of
William Anthony Fielding, III, a Minor,
*Appellant,*

*v.*

Raemonda E. HEIDERICH,
Clarkes Elementary School District,
and Clackamas County,
*Respondents.*

(87-9-70; CA A62941)

832 P2d 1244

Karen M. Werner, Eugene, argued the cause for appellant.
With her on the briefs was Steven C. Yates, Eugene.

James C. Tait, Oregon City, argued the cause for respondent Raemonda E. Heiderich. With him on the brief was Canning & Tait, Oregon City.

Thomas M. Christ, Portland, argued the cause for respondent Clarkes Elementary School District. With him on the brief was Mitchell, Lang & Smith, Portland.

Miles A. Ward, Assistant County Counsel, Oregon City, argued the cause for respondent Clackamas County. With him on the brief was Clackamas County Counsel, Oregon City.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff, conservator for a minor child, brought this action to recover damages for injuries the child sustained when he was struck by a car driven by defendant Heiderich while the child was riding a bicycle on his way home from his school. It is unnecessary to recite the facts of the accident in detail. It suffices to say only that the accident occurred in the vicinity of the school, the configuration of the road produced visibility problems and that the child was struck in an intersection where there was a stop sign in the direction that he was traveling and no stop sign facing Heiderich.

Plaintiff alleged that Heiderich was negligent in connection with the accident, that the defendant school district (district) was negligent in not providing traffic patrols and that the defendant county was negligent, *inter alia*, in not providing adequate traffic control signals or devices and in not posting adequate signs to regulate speed and to alert motorists to the presence of the school.[1] The trial court granted the district's motion for judgment on the pleadings on the ground that it had discretionary immunity under ORS 30.265(3)(c). The case went to trial. At the conclusion of plaintiff's case, the court gave the county a directed verdict, on the ground that plaintiff had not produced expert testimony regarding the county's "standard of care" in setting speed limits and in placing signs and signals, which the court deemed necessary because those functions are governed by state statutes and regulations about which the jury was not informed. *See* ORS 810.180 to ORS 810.210. The jury found that Heiderich was not negligent. Plaintiff appeals from the judgments for each defendant.[2] We affirm.

■ Plaintiff's first assignment is that the court erred by granting the district's motion for judgment on the pleadings. ORS 336.460(1) provides:

---

[1] Although there were other specifications in plaintiff's complaint, the only ones about which she argues on appeal are those that we have summarized. Plaintiff's argument concerning the speed limit signs is actually that the speed limit should have been lower. There *were* designated speed limits in the area.

[2] Defendants moved to dismiss the appeal on the ground that the notice of appeal was defective. We denied the motion by order. In its brief, the district asks for reconsideration of the order. We adhere to the order.

"A district school board *may* do all things necessary, including the expenditure of district funds, to organize, supervise, control or operate traffic patrols. A district school board may make rules relating to traffic patrols which are consistent with rules under ORS 336.470(1)." (Emphasis supplied.)

The trial court reasoned that the statute is discretionary by its terms, that the district therefore had discretion over whether or not to establish patrols and was, accordingly, immune from an action for not providing patrols. Plaintiff argues that the statute does not give the district discretion over *whether* to establish traffic patrols, but only over "the manner of the establishment of those patrols." We disagree. ORS 336.460(1) is the only authorizing provision for the establishment of patrols. Its terms are discretionary, and the discretion applies to whether patrols will be provided. The trial court did not err by granting the judgment on the pleadings. *Miller v. Grants Pass Irrigation*, 297 Or 312, 686 P2d 324 (1984); *Andresen v. Dept. of Commerce*, 112 Or App 498, 829 P2d 708 (1992)

■    Plaintiff's next assignment assails the directed verdict for the county. She argues that she produced a *prima facie* case and that no expert testimony was necessary. She explains:

"Plaintiff asserts sufficient evidence was presented from which a jury could infer that the county created a hazardous condition by its design of the road, creating a duty to warn of the hazards caused by those conditions. The jury could conclude the county was negligent in failing to warn of known hazards created by the county."

Plaintiff adds, in her reply brief:

"Plaintiff is not required as part of her *prima facie* case to present testimony of any specific state [*sic*] or administrative rule. It was the defendant's burden to come forward with proof it had not breached a duty. The evidence which the court held it was plaintiff's duty to submit was properly evidence necessary to defendant's case."

Plaintiff's arguments might be correct if her claim were as she characterizes it. However, her allegations of negligence were not to the effect that the county created a hazardous condition and failed to give appropriate warnings;

instead, she claimed that it was negligent in not "posting the intersection." Without commenting on whether expert testimony was necessary, we agree with the trial court that the county's liability for failing to place signs, signals and devices and to reduce speed limits cannot be established without *some* evidence of what the statutes and regulations that govern those matters enable or require the county actually to do or not do in a particular instance. Plaintiff presented no such evidence. The directed verdict was proper.

Plaintiff raises four assignments of error that challenge the judgment for Heiderich. None requires discussion.

Affirmed.